UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON
CIVIL CASE NO: 05-31-JGW

THE ESTATE OF
VICTORIA HELLMANN, ET AL.,                                         PLAINTIFFS

V.

KENTON COUNTY JAILER,
TERRY CARL, ET AL.,                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This litigation arises out of the death of Victoria Hellmann on February 12, 2004 at the Kenton County Jail. Plaintiffs, the estate and family of decedent, filed suit against defendants pursuant to 42 U.S.C. §1983 seeking monetary damages. On October 31, 2006, defendants moved for summary judgment on all claims. Plaintiffs filed their response on December 18, 2006, together with an affidavit of an inmate witness which was stricken from the record on February 5, 2007 as improperly alleging new facts outside of the discovery period. On April 12, 2007, the undersigned granted defendants' motion and entered judgment in favor of the defendants.[1]

Plaintiffs did not appeal the court's February 5, 2007 Memorandum Order striking the affidavit of the inmate witness or move this court to reconsider that ruling. However, after summary judgment was entered in favor of the defendants the plaintiffs filed a motion for relief from the February order "pursuant to Federal Rules of Civil Procedure 60(b)." In addition to the motion seeking Rule 60(b) relief, plaintiffs have separately moved "to alter or amend" the grant

---

[1] The parties have consented to disposition of this litigation by the undersigned magistrate judge pursuant to 28 U.S.C. §636(c).

of summary judgment under Rule 59(e).  Both motions will be denied.

### I.  Rule 60(b) Motion

When a district court enters a judgment, the Federal Rules of Civil Procedure provide several avenues of relief to the losing party.  In addition to filing an appeal, Rule 60(b) permits a party to move for reconsideration of an order or judgment for one of six enumerated reasons.

### A.  Applicable Time Limits

Given that plaintiffs' motion pertains to an order filed on February 5, 2007, a threshold question is whether the Rule 60(b) motion is timely.  The answer depends upon which provision of the rule the motion is based.  Rule 60 requires that a motion "be made within a reasonable time."  The Sixth Circuit has held that "[a] 60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal." *Pierce v. United Mine Workers of Am. Welfare & Ret. Fund,* 770 F.2d 449, 451 (6th Cir.1985), *cert. denied,* 474 U.S. 1104, 106 S.Ct. 890, 88 L.Ed.2d 925 (1986).  On the other hand, a motion which relies upon other listed grounds may be considered timely up to a year after the judgment, order, or proceeding was entered or taken.

In this case, plaintiffs' Rule 60(b) motion was filed approximately 77 days after the court's February 5 ruling.  Depending upon the alleged basis for relief, the motion may or may not be timely, but assuredly did not toll the deadline for appeal.  *See* Fed. R.App. P. 4(a)(4)(A); *Townsend v. Social Sec. Admin.* 2007 WL 1296730, *4 (6th Cir. 2007).  The precise basis for relief is left unstated in plaintiffs' motion.  Because this court can discern no basis for relief under any of the enumerated provisions of Rule 60(b), it is unnecessary to answer what typically would be a threshold issue on timeliness.

### B.  Applicable Substantive Law

The Sixth Circuit Court of Appeals recently reiterated the standards which district courts must employ when reviewing motions under Rule 60(b), Fed. R. Civ. P.:

> Civil Rule 60(b) gives losing parties ... narrow grounds for vacating the judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
>
> Most of the grounds for relief relate to, if not require, new information about the case that could not reasonably have been discovered earlier.. . . And the "public policy favoring finality of judgments" limits the availability of relief under the rule. *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992). That "is especially true in an application of subsection (6) of Rule 60(b), which applies 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.' " *Blue Diamond*, 249 F.3d at 524 (*quoting Olle v. Henry & Wright Corp*., 910 F.2d 357, 365 (6th Cir.1990)); *see Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir.1983). "There must be an end to litigation someday," the Supreme Court has cautioned, "and free, calculated, deliberate choices are not to be relieved from," *Ackermann v. United States*, 340 U.S. 193, 198, 71 S.Ct. 209, 95 L.Ed. 207 (1950)-suggesting that relief under Rule 60(b)(6) should be granted "only in 'unusual and extreme situations where principles of equity mandate relief,' " *Blue Diamond*, 249 F.3d at 524 (*quoting Olle*, 910 F.2d at 365).
>
> A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal. *See Hopper v. Euclid Manor Nursing Home, Inc*., 867 F.2d 291, 294 (6th Cir.1989) ("The parties may not use a Rule 60(b) motion as a substitute for an appeal or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise.") (citations omitted); *see also, e.g., Cotto v. United States*, 993 F.2d 274, 278 (1 st Cir.1993).... For this reason, arguments that were, or should have been, presented on appeal are generally unreviewable on a Rule 60(b)(6) motion..... And for related reasons, "an appeal from [the] denial of Rule 60(b) relief does not bring up the underlying judgment for review." *Browder*, 434 U.S. at 263 n. 7, 98 S.Ct. 556.

> Even "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997)... "Instead, courts have relied on an applicable change in decisional law, coupled with some other special circumstance, in order to grant Rule 60(b)(6) relief." *Blue Diamond*, 249 F.3d at 524.
>
> Gauged by these precedents, the district court correctly rejected GenCorp's Rule 60(b)(6) motion.

*GenCorp, Inc. v. Olin Corp.* 477 F.3d 368, 372 -374 (6th Cir., 2007)

As stated, plaintiffs fail to direct the court to any specific provision of Rule 60(b) in urging this court to set aside its February 5, 2007 order. Rather, plaintiffs' arguments in favor of granting relief merely reiterate their original arguments opposing defendants' motion to strike the affidavit. Therefore, plaintiffs are not entitled to relief under Rule 60(b).

## II. Plaintiffs' Rule 59(e) Motion To Alter Or Amend

In addition to the motion seeking relief from the February 5 order of this court, plaintiffs have moved to alter or amend this court's judgment pursuant to Rule 59(e). Plaintiffs' Rule 59(e) motion was timely filed on April 23, 2007.

Like Rule 60(b), Rule 59(e) permits a court to grant relief from judgment only for specifically articulated reasons. A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir.2005).

> Under Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir.1998) (stating that "[a] motion under Rule 59(e) is not an opportunity to re-argue a

> case"); *FDIC v. World Univ., Inc.,* 978 F.2d 10, 16 (1st Cir.1992) (explaining that a Rule 59(e) motion "may not be used to argue a new legal theory"). Rather, a motion under Rule 59(e) "must either clearly establish a manifest error of law or must present newly discovered evidence." *World Univ., Inc.,* 978 F.2d at 16; *FDIC v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986); *see also Walker v. Michigan Dep't of Corr.,* 128 Fed.Appx. 441, 447 (6th Cir.2005) (unpublished opinion).

*Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC,* 477 F.3d 383, 395 (6th Cir., 2007).

Although plaintiffs do not extensively elaborate upon their arguments in favor of granting Rule 59(e) relief, they appear to argue that the court made an error of law. Specifically, plaintiffs assert that the court failed to construe the facts in the light most favorable to the plaintiffs. Plaintiffs do not argue that any other provision of Rule 59 applies which would warrant altering or amending the judgment in favor of the defendants.

Plaintiffs' motion must be denied, because this court clearly did construe all facts in favor of plaintiffs when issuing its prior opinion granting summary judgment to the defendants. The only facts cited by plaintiffs in the Rule 59(e) motion are those previously offered by plaintiffs in opposition to the motion for summary judgment. The same facts were explicitly discussed by this court in its April 12 opinion, which analysis will not be repeated here.

### III.  Conclusion and Order

For the reasons stated herein, **IT IS ORDERED THAT:**

1.  Plaintiffs' Rule 60(b) motion [DE #48] is **denied**;

2.  Plaintiffs' Rule 59(e) motion [DE #47] is likewise **denied**.

This the 22nd day of June, 2007.

Signed By:
**J. Gregory Wehrman**
**United States Magistrate Judge**